IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-12-0156-F |
| ) | |
| BYRON KYLE FANTROY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the defendant's motion for early termination of supervised release, filed on April 19, 2021 (doc. no. 353).

If an offender has completed one year of supervised release, the court is authorized by 18 U.S.C. § 3583(e) to terminate supervised release in appropriate cases. Under § 3583(e), there are two statutory prerequisites to early termination. First, the court must be satisfied that early termination is "warranted by the conduct of the defendant." Secondly, the court must be satisfied that early termination is in "the interest of justice." 18 U.S.C. § 3583(e)(1).

In considering whether early termination is warranted by the conduct of the defendant and in the interest of justice, § 3583(e) instructs the court to consider certain statutory factors set forth in 18 U.S.C. § 3553. Specifically, the § 3553 factors the court is required to consider include:

- The nature and circumstances of the offense and the history and characteristics of the defendant,
- The need to afford adequate deterrence to criminal conduct,
- The need to protect the public from further crimes of the defendant,

- The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,
- The kinds of sentence and the sentencing range established under the sentencing guidelines,
- Any pertinent policy statements issued by the United States Sentencing Commission,
- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and
- The need to provide restitution to any victims of the offense.

Under Rule 32.1(c)(2)(B), F.R.Crim.P., the court is not required to hold a hearing on the motion because the relief sought is favorable to the defendant and does not extend the term of supervised release.

In September, 2012, the defendant, Byron Fantroy, was convicted (on a guilty plea) of conspiracy to possess crack cocaine with intent to distribute. The presentence report filed on December 11, 2012 disclosed numerous transactions in which Mr. Fantroy sold varying quantities of crack cocaine to various individuals. The transactions which were directly relevant to the prosecution in this case were not Mr. Fantroy's first violations of laws dealing with distribution of controlled substances. In July, 2000, Mr. Fantroy pled guilty to unlawful possession of marijuana with intent to distribute and unlawful possession of cocaine with intent to distribute. In 2008, Mr. Fantroy was sentenced to a term of incarceration for unlawful possession of a controlled drug (crack cocaine) with intent to distribute and possession of a firearm after conviction of a felony. In that case, the search of Mr. Fantroy's residence disclosed, in addition to the crack cocaine, scales, a loaded handgun, and nearly $6,000.00 in cash.

In October, 2013, Judge Miles-LaGrange sentenced Mr. Fantroy to serve a term of 108 months of incarceration with 60 months of supervised release. In March, 2016, Mr. Fantroy's sentence was amended to 86 months of incarceration to be

followed by 60 months of supervised release. Mr. Fantroy began supervision on October 24, 2018. His term of supervised release is presently scheduled to expire on October 23, 2023.

Mr. Fantroy has generally complied with his conditions of supervised release, save for one instance, in March, 2020, when he submitted a urine specimen which tested positive for cannabinoids.

In his motion, Mr. Fantroy states that he is gainfully employed, and Mr. Fantroy's general compliance with his conditions of supervised release is corroborated by the probation office. Mr. Fantroy states in his motion that: "Being free of supervised probation would allow [Mr. Fantroy] to seek positions within his job outside of the state in an effort to gain more footing into his career." Doc. no. 353, at 1.

After careful consideration of the statutory prerequisites and statutory factors set forth above, the court concludes that the motion should be denied. In reaching this conclusion, the court relies primarily on the nature of the instant offense, Mr. Fantroy's recidivist criminal history, and his positive test for the use of cannabinoids in March, 2020. The court commends Mr. Fantroy for his general compliance with his conditions of supervised release. However, compliance with conditions of supervised release is what the court expects as the norm and does not, itself, constitute a basis for early termination of supervised release. As for the job-related justification offered by Mr. Fantroy, the court does not have, at least at this point, any reason to believe that Mr. Fantroy's status as an offender on federal supervised release precludes a move to another district or acceptance of employment in another district. If it should turn out that Mr. Fantroy's employment prospects are, in fact, impaired in any significant way by his status as an offender on supervised release, that can be addressed by this court or by a transferee court.

4

Accordingly, on the basis of the court's careful consideration of the matters presented by the motion, taking into account the factors set forth above, Mr. Fantroy's motion for early termination of supervised release, doc. no. 353 is **DENIED**.

IT IS SO ORDERED this 26th day of April, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0156p001.Fantroy.docx

4